UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN WAYNE BONILLA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MADERA COUNTY COURT CLERK'S OFFICE et. al.,<br><br>　　　　Defendants. | Case Nos. 22-cv-5602-PJH<br>22-cv-6123-PJH<br>22-cv-6240-PJH<br>22-cv-6399-PJH<br>22-cv-6400-PJH<br>22-cv-6478-PJH<br>22-cv-6479-PJH<br>22-cv-6510-PJH<br>22-cv-6514-PJH<br>22-cv-6519-PJH<br>22-cv-6528-PJH<br>22-cv-6556-PJH<br>22-cv-6557-PJH<br>22-cv-6558-PJH<br>22-cv-6559-PJH<br>22-cv-6568-PJH<br>22-cv-6569-PJH<br>22-cv-6570-PJH<br>22-cv-6571-PJH<br>22-cv-6572-PJH<br>22-cv-6574-PJH<br>22-cv-6575-PJH<br><br>**ORDER DISMISSING MULTIPLE CASES WITH PREJUDICE** |

　　　　Plaintiff, a state prisoner, has filed multiple pro se civil rights complaints under 42 U.S.C. § 1983.  Plaintiff is a condemned prisoner who also has a pending federal habeas petition in this court with appointed counsel.  *See Bonilla v. Ayers*, Case No. 08-0471 YGR.  Plaintiff is also represented by counsel in state court habeas proceedings.  *See In re Bonilla*, Case No. 20-2986 PJH, Docket No. 1 at 7.

Plaintiff presents nearly identical claims in these actions.  He names as defendants numerous county clerks and state superior courts.  He seeks relief regarding his underlying conviction or how his other cases were handled by the state and federal courts.

To the extent that plaintiff seeks to proceed *in forma pauperis* (IFP) in these cases, he has been disqualified from proceeding IFP under 28 U.S.C. § 1915(g) unless he is "under imminent danger of serious physical injury" at the time he filed his complaint.  28 U.S.C. 1915(g); *In re Steven Bonilla*, Case No. 11-3180 CW; *Bonilla v. Dawson*, Case No. 13-0951 CW.

The allegations in these complaints do not show that plaintiff was in imminent danger at the time of filing.  Therefore, he may not proceed IFP.  Moreover, even if an IFP application were granted, his lawsuits would be barred under *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), *Younger v. Harris*, 401 U.S. 37, 43-54 (1971), *Demos v. U.S. District Court*, 925 F.2d 1160, 1161-62 (9th Cir. 1991) or *Mullis v. U.S. Bankruptcy Court*, 828 F.2d 1385, 1393 (9th Cir. 1987).  Accordingly, the cases are dismissed with prejudice.

The clerk shall terminate all pending motions and close these cases.  The clerk shall return, without filing, any further documents plaintiff submits in these closed cases.

**IT IS SO ORDERED.**

Dated: October 28, 2022

      /s/ Phyllis J. Hamilton
PHYLLIS J. HAMILTON
United States District Judge